IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| SEGA CORPORATION and ATLUS CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A Hereto, <br><br> Defendants. | Case Number: 24-cv-4688 <br><br> Honorable Thomas M. Durkin |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

NOW COME the Defendants, smile&fun Japan (A3OUHOJTJCPR6) and World naruto Japan shop (A2LTNW841ECE33), ("Defendants"), through counsel, and respectfully request the Court dismiss the Complaint for lack of personal jurisdiction because the Defendants made no sales to Illinois.

BACKGROUND

The Plaintiff has sued the Defendants for intellectual property infringement. Doc. 1. The Plaintiff asserts the Defendants are promoting,

advertising, distributing, offering for sale, or selling products via online platforms which violate Plaintiff's intellectual property rights. *Id*. The Court granted the Plaintiff a Temporary Restraining Order on April 16, 2024. Doc. 30. It then issued a Preliminary Injunction on May 14, 2024. Doc. 50.

  A central facet of the Plaintiff's preliminary injunction is an asset restraint on the Defendants' store accounts. As the Declaration of the Defendant smile&fun Japan's principal Ryoko Goto explains, the asset restraint curbs withdrawal of any funds from the Defendants' accounts, regardless of whether they derive from lawful sales, ill-gotten gains, or from future income. *See* Declaration of Ryoko Goto attached here as Exhibit A at ¶ 17. More critically, Goto notes there were no sales of the accused items to Illinois. Exhibit A at ¶ 16. The Amazon store screenshot reflects the same. *See* Screenshot attached here as Exhibit B. The same holds true for Defendant World naruto Japan shop. Its principal, Junko Takemoto, testifies that the impact of the asset restraint has been deleterious. *See* Declaration of Junko Takemoto attached here as Exhibit C at ¶ 17. And most importantly for this Motion, there were also no sales by this store of the accused items to Illinois. Exhibit C at ¶ 16. The Amazon screenshot also shows the same. *See* Screenshot attached here as Exhibit D.

ARGUMENT

I.    Personal Jurisdiction Cannot Exist Where the Defendants Are Firmly Ensconced in Japan and Sold No Items to Illinois.

To prevail on a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, the court will accept any uncontested jurisdictional facts presented by the defendant as true. *Donmar, Inc. v. Swanky Ptnrs., Inc.*, No. 02-C-1482, 2002 U.S. Dist. LEXIS 15308, at *3 (N.D. Ill. Aug. 19, 2002). And while factual disputes are construed for plaintiff, the plaintiff must establish a *prima facie* case for personal jurisdiction. *Id.* at *4. The Plaintiff cannot do so here. "When a statute gives no clear indication of an extraterritorial application, it has none." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255 (2010). Similarly, Illinois law also presumptively lacks extraterritorial reach. *Hirst v. Skywest, Inc.*, No. 15 C 02036, 2016 U.S. Dist. LEXIS 67806, at *8 (N. D. Ill. May 24, 2016).

    A.    There is no general jurisdiction.

A plaintiff may seek either general or specific personal jurisdiction over a defendant. *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). General jurisdiction exists only where a defendant is "at home." *Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). The Defendants here can hardly be said to be housed in Illinois. They are Japanese

3

proprietors with a principal place of business and all operations in Japan. Exhibit A at ¶¶ 4, 15; Exhibit C at ¶¶ 4, 15. Both Declarations confirm that the factors that make a business susceptible to general jurisdiction are absent. *See* Exhibit A at ¶¶ 6-15; Exhibit C at ¶¶ 6-15. Nor is operating a website enough. *See Kipp v. Ski Enter.*, 783 F.3d 695, 699 (7th Cir. 2015) (website alone will not establish general jurisdiction). Thus, given the Japanese Defendants' decisive lack of corporate connections to Illinois, the Plaintiff can only pursue specific jurisdiction. *See* Exhibits A, C at ¶¶ 6-15.

    B.    There is no specific jurisdiction.

But this endeavor is also futile. Specific jurisdiction exists only where: (1) the defendant "purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the plaintiff's injury stemmed from the defendant's forum-related conduct; and (3) traditional notions of fair play and substantial justice are not offended. *Felland v. Clifton*, 682 F.3d 665, 674 (7th Cir. 2012).

Here, the Plaintiff alleges no conduct by the Defendants that has the requisite effect on Illinois commerce. And the principals' Declarations refute any claim that the Defendants have Illinois ties. Exhibits A, C at ¶¶ 6-15. Most telling, the Defendants made no Illinois sales of the accused items. Exhibits A, C at ¶ 16; *see also* Exhibits B, D. This sinks jurisdiction as a matter of law.

C. Case law forecloses Plaintiff's position.

The parallels between the instant facts and the following cases are unmistakable. In *KTM AG v. The Individuals, Corporations, Limited Liability Companies*, the Court found "Plaintiff has no evidence that either of the moving Defendants has made even one sale into the State of Illinois. Personal jurisdiction is therefore lacking." *KTM AG v. The Individuals, Corporations, Limited Liability Companies*, No. 20-cv-06743, Doc. 77 (N.D. Ill. April 13, 2022). Also instructive is *Emoji Company GmbH v. The Individuals, Corporations, Limited Liability Companies*, No. 23-cv-01112, Doc. 54 (N.D. Ill. Sept. 16, 2023). There, the Court found that because the Defendant never shipped an infringing product to Illinois, personal jurisdiction was stymied. *Id*.

But the Court goes even further. For even a single sale will not confer jurisdiction. In *Magenav, Inc. v. Sevensellers, Inc.*, the Court held that "[o]ne sale in Illinois simply does not show that Defendants targeted Illinois customers. Certainly, operating a website accessible in Illinois makes it likely that sales to Illinois customers will occur. But this is an inescapable fact of operating a generally accessible website." *Magenav, Inc. v. Sevensellers, Inc.*, No. 21-cv-1742, 2022 U.S. Dist. LEXIS 43083, at *5 (N.D. Ill. Mar. 10, 2022). Similarly, in *Hangzhou Chic Intelligent Tech. Co. v. P'ship & Unincorporated Ass'n Identified on Schedule "A"*, the Court dismissed for lack of personal

5

jurisdiction because there was only one Illinois sale of the accused product. *Hangzhou Chic Intelligent Tech. Co. v. P'ship & Unincorporated Ass'n Identified on Schedule "A"*, No. 20-cv-4806, 2022 U.S. Dist. LEXIS 109380, at *8 (N.D. Ill. June 21, 2022). *See also Seven Oaks Millwork Inc. v. Royal Foam US, LLC,* No. 19 C 6234, 2019 U.S. Dist. LEXIS 214721, at *4 (N.D. Ill. Dec. 13, 2019) ("a single sale in a forum does not justify the exercise of specific jurisdiction over a defendant"); *Expeditee LLC v. Entities Listed on Exhibit 1,* 21 C 6440, 2022 U.S. Dist. LEXIS 88506, at *9 (N.D. Ill. May 17, 2022) ("test buys" by Plaintiff's investigator insufficient to establish jurisdiction). If one sale cannot establish jurisdiction, zero sales should not.

Nor does operating a website confer personal jurisdiction. The Seventh Circuit held that a website available to Indiana customers, accompanied by two emails to Indiana residents and several fulfilled product orders to Indiana residents, did not satisfy personal jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). The website and emails were impermissible bases for jurisdiction because neither evinced that the defendant purposefully targeted or exploited the Indiana market in some way, essential for minimum contacts. *Id.* at 802-03.

Similar results exist in the Schedule A realm. *See, e.g.*, *Sun Chenyan v. The Partnerships and Unincorporated Assoc's Identified on Schedule "A,"* No.

6

20-cv-221, 2021 U.S. Dist. LEXIS 86934, at *5 (N.D. Ill. May 6, 2021) (no personal jurisdiction where foreign Defendant operated eBay storefronts); *Rubik's Brand, Ltd. v. P'ship & Unincorporated Ass'ns Identified on Schedule "A,"* No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755 (N.D. Ill. Mar. 4, 2021) (maintaining interactive website accessible in Illinois does not confer personal jurisdiction).

In sum, the four exhibits attached here, along with Seventh Circuit precedent and Northern District case law, confirm general jurisdiction and personal jurisdiction cannot exist on these facts. Dismissal is thus warranted.

## CONCLUSION

With zero Illinois sales, jurisdiction is lacking as a matter of law. The Defendants smile&fun Japan (A3OUHOJTJCPR6) and World naruto Japan shop (A2LTNW841ECE33), respectfully request the Court dismiss the Complaint with prejudice, and for any further relief the Court deems just.

July 2, 2024                    Respectfully submitted,

                                s/ Christopher Keleher

                                The Keleher Appellate Law
                                Group, LLC
                                1 E. Erie St., Suite 525
                                Chicago, IL 60611

312-448-8491

ckeleher@appellatelawgroup.com

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 2, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie Street
Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com