UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEGA CORP. and ATLUS CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | No. 24 C 4688 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Sega Corp. ("Sega") and Atlus Co., Ltd. ("Atlus") filed this suit against 105 defendants, including Japan Entrance. Plaintiffs allege trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114, false designation of origin in violation of 15 U.S.C. § 1125(a), and violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDPTA") under 815 ILCS 510/1 *et seq*. Japan Entrance appeared and filed a motion to dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 63. For the following reasons, that motion is granted in part and denied in part. The complaint is dismissed without prejudice, and Plaintiffs may file an amended complaint within 30 days. The asset restraint is hereby lifted.

1

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Sega is a Japanese video game developer and Atlus is a Japanese video game producer. R. 1 ¶¶ 6–7. Together, they manage the licensing, sale, and marketing of products affiliated with the Shin Megami Tensei video games. *Id.* ¶ 8. Among other trademarks, Sega owns and Atlus licenses U.S. Trademark No. 5,809,174 (the "P5

Persona 5 Mark"). *Id.* ¶ 9. The P5 Persona 5 Mark, reproduced below, "consists of the wording 'P5' where the top of the letter 'P' is positioned inside the bottom portion of the number '5' above the wording 'PERSONA5' in stylized font." R. 68-2 at 1.



Plaintiffs brought this suit against the 105 defendants identified on Schedule A, alleging trademark infringement and counterfeiting under 15 U.S.C. § 1114 (Count I), false designation of origin under 15 U.S.C. § 1125(a) (Count II), and violation of the IUDTPA under 815 ILCS 510/1 *et seq.* (Count III) in connection with the P5 Persona 5 Mark and nine other registered Shin Megami Tensei-related trademarks. R. 1 ¶ 9.

Defendant Japan Entrance admits to selling forty units of the Max Factory Figma Queen action figure on Amazon.com between January 2021 and February 2024. R. 63-2 ¶¶ 7, 16, 20. The product description on the Amazon.com listing reads in relevant part, "From the popular anime persona5 the animation comes a figma of one of the members of the Phantom thieves: Queen!" R. 68-1 at 2. Japan Entrance moves to dismiss, arguing that its conduct did not infringe on any of the trademarks at issue in this suit.

## Discussion

To state a claim for trademark infringement, false designation of origin, or a violation of the IUDTPA, Plaintiffs must allege "(1) that its mark is protectable, and

3

(2) that the defendant's use of that mark is likely to cause confusion among consumers." *Phoenix Ent'mt Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016). Here, Plaintiffs do not plausibly allege that Japan Entrance used the P5 Persona 5 Mark. Whereas the mark at issue is stylized, with "P5" in staggered, graphic letters above the word "PERSONA5" in a particular font, the allegedly infringing Amazon.com listing merely includes the word "persona5" in non-stylized text in the product description. *Compare* R. 68-1 *with* R. 68-2.[1] For that reason, Plaintiffs fail to state a plausible claim for relief, and the Court dismisses the complaint as to Japan Entrance. However, dismissing the complaint on that basis does not say anything about whether Japan Entrance infringed on any other unregistered mark or copyright in connection with the sale of the action figures at issue. Accordingly, dismissal with prejudice is not appropriate. The Court will allow Plaintiffs the opportunity to amend their complaint within 30 days.

The Court adds that to state a claim under IUDTPA, Plaintiffs must plead facts that suggest that "the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 809 F. Supp. 2d 857, 859 (N.D. Ill. 2011) (quoting *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853–54 (Ill. 2005)). Factors to be considered include the plaintiff's residence, where the deception occurred, where the damage to the plaintiff occurred,

---

[1] Although the Amazon.com listing at issue was not specifically referenced in or attached to the complaint, Plaintiffs rely on its content in urging the Court to deny the motion to dismiss. *E.g.*, R. 68 at 4–5. Accordingly, the Court takes judicial notice of the listing. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

4

and whether the plaintiff communicated with the defendant or its agents in Illinois. *Id.* at 861. In this case, Plaintiffs and Japan Entrance are based in Japan and the listing in question is available nationwide. Nevertheless, the Court will give Plaintiffs the chance to plead facts that support these factors or alternatively drop the claim.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part the motion to dismiss. The Court dismisses the complaint as to Japan Entrance without prejudice and grants Plaintiffs leave to amend their complaint within 30 days. If Plaintiffs do not file an amended complaint within 30 days, the dismissal will be with prejudice. With this dismissal, the asset restraint is hereby lifted.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: January 14, 2025